UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RORY CLIFFORD ELLIS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-1278 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Rory Clifford Ellis is an inmate in the Texas Department of Criminal Justice. He filed a complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights.

Section 1915A of title 42 of the United States Code requires a federal district court to "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." If the complaint presents no cognizable claims, the court must dismiss the complaint.

Ellis alleges that he has been compelled to work during his imprisonment, but has not been properly credited with work-time credits. Ellis explains that work-time credits are applicable to an inmate's release on mandatory supervision, and would, if properly credited, reduce the time he serves in prison. He seeks release on parole or, in the alternative, monetary compensation for what he characterizes as involuntary servitude.

"[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release . . . ." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Thus, to the extent that Ellis seeks a judgment requiring his immediate or expedited release from custody, the claim is not cognizable in a suit under 42 U.S.C. § 1983.

To the extent that Ellis seeks money damages for alleged involuntary servitude, he fails to state a constitutional claim. While the Thirteenth Amendment to the United States Constitution prohibits involuntary servitude, the amendment specifically excludes from its prohibition such servitude that is "a punishment for crime whereof the party shall have been duly convicted . . . ." Thus, the Thirteenth Amendment's prohibition of involuntary servitude has no application to convicted prisoners. *See Wendt v. Lynaugh*, 841 F.2d 619, 620 (5th Cir. 1988).

Accordingly, it is ORDERED that the complaint (Dkt. No. 1) is DISMISSED. It is FURTHER ORDERED that Ellis' motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is DENIED AS MOOT.

SIGNED on this 18th day of May, 2015.

_____
Kenneth M. Hoyt
United States District Judge